UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Earl R. Johnson, #318291,<br><br>       Plaintiff,<br><br>vs.<br><br>Sheriff Crenshaw; 2 Unnamed Anderson County Detectives; Attorney Chuck Allen,<br><br>       Defendant<br>_____ | C/A No. 6:07-3791-SB-WMC<br><br><br><br>**Report and Recommendation** |

  Plaintiff has filed this matter pursuant to 42 U.S.C. § 1983 against a County Sheriff, two local law enforcement detectives and his court appointed attorney. Plaintiff was convicted of possession with intent to distribute marijuana, 2nd offense. At the time of his arrest plaintiff's automobile was seized along with the contents. Plaintiff alleges he "signed a paper releasing [his] rights to the car" because he was told that he and his co-defendant "would receive personal bonds the next morning". In reliance upon these assurances plaintiff signed the paper but was subsequently given a $25,000.00 cash or surety bond. In his prayer for relief plaintiff seeks compensatory damages against the sheriff and the detectives because he claims his due process rights were violated and his personal property was illegally seized. He also asks that his court appointed attorney "be held liable because he did nothing to protect my rights."

  Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v.*

*Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); and *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979). *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2nd Cir. 1975). However, even under this less stringent standard, the complaint submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

The laws of the State of South Carolina authorize the seizure and forfeiture of monies or property used in or derived from drug-related transactions. *See* Section 44-53-520(a)(8), South Carolina Code of Laws, as amended by S.C. Act No. 333, which was approved by the Governor of the State of South Carolina on May 4, 1992. Such seizures may be made at the time of arrest or detention. Section 44-53-520(b)(1), South Carolina Code of Laws (as amended). South Carolina law allows a person to challenge the seizure of property or money. *See* § 44-53-530 (setting forth requirements in judicial proceedings) and § 44-53-586 (innocent owner provision). In such proceedings, which take place in a Court of Common Pleas, the burden of proof is on the person seeking to

have the property or money returned. See Section 44-53-540, South Carolina Code of Laws.

Deprivations of personal property by States do not support actions under 42 U.S.C. § 1983. See Daniels v. Williams, 474 U.S. 327, 328-336 & n. 3 (1986). In Daniels v. Williams, the Supreme Court overruled its earlier holding in Parratt v. Taylor, 451 U.S. 527 (1981), that negligent deprivations of property implicate due process interests. The United States Court of Appeals for the Fourth Circuit has held that a federal district court should deny § 1983 relief if state law provides the plaintiff with a viable remedy for the loss of personal property – even if the deprivation was caused by an employee of the state, an employee of a state agency, or an employee of a political subdivision of a state. Yates v. Jamison, 782 F.2d 1182, 1183-1184 (4th Cir. 1986). Yates v. Jamison has been partially superannuated for cases where plaintiffs allege deprivations of intangible interests, such as a driver's license or "liberty[.]" See Plumer v. Maryland, 915 F.2d 927, 929-932 & nn. 2-5 (4th Cir. 1990); and Zinermon v. Burch, 494 U.S. 113 (1990). Nevertheless, the holding in Yates v. Jamison is still binding on lower federal courts in the Fourth Judicial Circuit in cases involving deprivations of personal property.

Cases from outside this circuit point out that the availability of a state cause of action for the alleged loss of property provides adequate procedural due process. In other words, where state law provides such a remedy, no federally guaranteed constitutional right is implicated even when there is a negligent deprivation of property. See King v. Massarweh, 782 F.2d 825, 826 (9th Cir. 1986); and Slaughter v. Anderson, 673 F. Supp. 929, 930 (N.D.Ill. 1987).

In the case *sub judice*, *if* the items described in the complaint were forfeited to the State of South Carolina, the plaintiff, under § 44-53-586 *et seq.* of the Code of Laws of South Carolina (as amended), may seek relief in the courts of the State of South Carolina. *See Bonner v. Circuit Court of St. Louis*, 526 F.2d 1331, 1336 (8th Cir. 1975)(*en banc*). In *Bonner v. Circuit Court of St. Louis*, a civil rights case, the United States Court of Appeals for the Eighth Circuit pointed out that federal constitutional claims are cognizable in both state courts and in federal courts: "Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review." *Bonner v. Circuit Court of St. Louis*, *supra*, 526 F.2d at 1336. *See also Lucas v. South Carolina Coastal Council*, 505 U.S. 1003, 112 S.Ct. 2886 (1992).

Additionally, plaintiff can not proceed against his court appointed attorney because the attorney has not acted under color of state law. In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: *(1)* the defendant(s) deprived him or her of a federal right, and *(2)* did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. *See Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976)(private attorney); *Hall v. Quillen*, 631 F.2d 1154, 1155-1156 & nn. 2-3 (4th Cir. 1980)(court-appointed attorney); and *Polk County v. Dodson*, 454 U.S. 312, 317-324 & nn. 8-16 (1981)(public defender).

The district court in *Hall v. Quillen*, *supra,* had disposed of the case against a physician and a court-appointed attorney on grounds of immunity. In affirming the district court's order, the Court of Appeals, however, indicated that lower courts should first determine whether state action occurred:

> * * * But immunity as a defense only becomes a relevant issue in a case such as this if the court has already determined affirmatively that the action of the defendant represented state action. This is so because state action is an essential preliminary condition to § 1983 jurisdiction, and a failure to find state action disposes of such an action adversely to the plaintiff. * * *

*Hall v. Quillen*, 631 F.2d at 1155 (citations omitted). *See also Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982)("Careful adherence to the 'state action' requirement . . . also avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed.").

## **RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*, supra; *Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe*, 998 F.2d 201, 202-204 & n.* (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); *Boyce v. Alizaduh, supra; Todd v. Baskerville, supra*, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B); and 28 U.S.C. § 1915A [the court shall review, as soon as practicable after docketing, prisoner cases to determine whether they are subject to any grounds for dismissal].

December 13, 2007                                              s/William M .Catoe
Greenville, South Carolina                                United States Magistrate Judge

***The plaintiff's attention is directed to the important notice on the next page.***

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).